UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DORION SANGO,

                                                                                     Hon. Victoria A. Roberts
                                                                                     Case No. 2:14-cv-10904

            Plaintiffs,


D. ROWLEY,

            Defendants.
_____/


**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DKT. 3]**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for a temporary restraining order and preliminary injunction.

I. Factual allegations

Plaintiff Robert Sango is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility. Plaintiff alleges that while he was housed at the St. Lous Correctional Facility Defendant, Defendant, a corrections officer, attempted to spray pepper spray directly into his airways and "drive-tasered" him in his spine three times. Plaintiff seeks a temporary restraining order and a preliminary injunction preventing Michigan Department of Corrections personnel from using a taser on him while his lawsuits are pending.

II. Discussion

The issuance of preliminary injunctive relief is committed to the discretion of the district court. See *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff

has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id*. These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); see also *Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. See *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432 at 438 n.3, (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. See *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); see also *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not made such a showing. It is not at all clear from Plaintiff's pro se complaint or subsequent filings that Plaintiff has a substantial likelihood of success on his claim.

Second, the presence of irreparable harm is not evident. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages.

See *Overstreet*, 305 F.3d at 578. Since the alleged incident in question, Plaintiff has been transferred to the Ionia Correctional Facility, and no longer is at risk from the Defendant.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning prison security are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. See *Glover*, 855 F.2d at 286-87. That showing has not been made here. Accordingly, Plaintiff's motion for preliminary relief (docket # 3) is **DENIED**.

It is **SO ORDERED.**

S/Victoria A. Roberts
Hon. Victoria A. Roberts
United States District Court

Dated: March 17, 2014